**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

Eastern District of Kentucky
FILED
SEP 10 2026
AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.**

**INDICTMENT NO.** 26-43-DLB-EBA
**18 U.S.C. § 2252(a)(2)**

**RICKY HENRY**

* * * * *

**THE GRAND JURY CHARGES:**

On or about October 13, 2025, in Lawrence County, in the Eastern District of Kentucky,

**RICKY HENRY**

knowingly distributed any visual depiction using any means or facility of interstate or foreign commerce, the production of which involved the use of a minor engaging in sexually explicit conduct, and the visual depictions were of such conduct, in violation of 18 U.S.C. § 2252(a)(2).

**FORFEITURE ALLEGATION**
**18 U.S.C. § 2253**

1. By virtue of the commission of the offenses alleged in the Indictment, **RICKY HENRY** shall forfeit to the United States any and all interest that he has in any visual depiction, or matter containing such visual depiction, that was produced, transported, mailed, shipped, or received as part of the violations of 18 U.S.C. § 2252; any property, real or personal, constituting or traceable to gross profits or other proceeds

obtained from the violations of 18 U.S.C. § 2252; and any property, real or personal, used or intending to be used in the commission or promotion of the violations of 18 U.S.C. § 2252 or traceable to such property. Any and all interest that **RICKY HENRY** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 2253.

2. The property to be forfeited includes, but is not limited to, the following:

**ELECTRONIC EQUIPMENT:**

a. Apple iPhone 16 Pro Max, serial number JKN6RJGTCN, seized from the Defendant's residence;
b. All software and peripherals that are contained on or associated with the listed electronic equipment.

**A TRUE BILL**

[redacted]

**JASON D. PARMAN**
**UNITED STATES ATTORNEY**

**KYLE WINSLOW**
**ASSISTANT UNITED STATES ATTORNEY**

## PENALTIES

Not less than 5 years and not more than 20 years imprisonment, not more than a $250,000 fine, and at least 5 years supervised release.

**PLUS:** Mandatory special assessment of $100.

Pursuant to Section 101 of the Justice for Victims of Trafficking Act of 2015, an additional assessment of $5,000 applies to any non-indigent person or entity convicted of Chapter 110 crimes.

Pursuant to 18 U.S.C. § 2259A, an additional assessment of (1) not more than $50,000 for any person convicted of a child pornography production offense; (2) not more than $35,000 for any person convicted of any other offense for trafficking in child pornography; and (3) not more than $17,000 for any person convicted of an offense under section 2252(a)(4), pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act (18 U.S.C. § 2259A).

**PLUS:** Restitution, if applicable.

Pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA), any defendant convicted of "trafficking in child pornography" must pay a minimum of $3,000 in restitution per victim for each count of conviction. "Trafficking in child pornography" includes violations of 18 U.S.C. § 2252(a). The amount of restitution ordered is not dependent on a defendant's ability to pay.

**PLUS:** Forfeiture of all listed property.